# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

ROBERT JUNE, JR.

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-30232

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is 57 years old, with no children, no local residence, no employment, and no family or community ties. He gave conflicting statements regarding his place of residence to the arresting agents, to Pretrial Services, an inCourt through his counsel. On one hand he told the FBI agents at the time of his arrest that he has no permanent address, that he has been on the road, living in motels and out of his car.  (SEE ATTACHMENTS)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 2, 2007 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

He told Pretrial Services that for the past 5 years he has permanently resided with his father in Farmington Hills. He told the Court that he has lived with his father, who has dementia, at his home in Farmington Hills from December 2006 - April 30, 2007. In fact, further investigation by Pretrial Services disclosed that defendant's father lives in a nursing home and no longer resides at his home in Farmington Hills. Defendant's sister, Virginia June, then confirmed that defendant never resided with his father. Virginia June is the legal guardian of defendant's father. Defendant suggested to the Court that he could be tethered to the home of his sister, Judith Fussell, who would agree to be a third party custodian for him. Upon contacting his sister, it was learned that Ms Fussell is in fact his half sister from whom he has been completely estranged, except for infrequent telephone calls regarding the status of their father. She did not agree to act as a third party custodian. All of defendant's identifying documents (driver's license, car registration, insurance card and gym membership) place his permanent residence as 3001 Landmark Boulevard, Palm Harbor, Florida. In response to questions from the Court, defendant summarized his past residences as follows:

| | |
|---|---|
| Up until January 2006: | Palm Harbor, Florida |
| January 2006 - April 2006: | Clearwater, Florida, Bayshore Apartments |
| April 2006 - December 2006 | Mandalay, Florida |
| December 2006 - April 2007 | Father's home in Farmington Hills, MI with father and Mr. Richards (a friend of the family). |

Defendant holds dual citizenships in Ireland and the USA. His passports are allegedly in a storage locker in Florida. He has contacts and resources abroad, and traveled to Ireland in 2001. The instant criminal charges are accompanied by a civil lawsuit in Virginia that

alleges defendant's involvement in a $200,000,000 Ponzi Scheme. Defendant clams to have made many millions of dollars.

When the FBI agents appeared at the house in Farmington Hills to apprehend defendant, he attempted to flee. Defendant bounded out of his father's house, got behind the steering wheel of his car, and tried to drive away. The FBI blocked his escape with their own vehicles.

Defendant has given several inconsistent and irreconcilable statements regarding his residency to Pretrial Services, the Court and the agents. His credibility is a grave issue. He attempted to flee the agents at the time of his arrest. He has dual citizenship, and has the financial means and ability to flee the jurisdiction. He has no ties to the community and is unemployed. He is charged in a scheme that allegedly fleeced investors of $200,000,000, and has access to some of that money. Defendant is a flight risk, and no conditions of bond would assure his appearance in Court. Detention is Ordered.